JUAN FEBRE ET AL., Plaintiffs and Appellees, *v.* FÉLIX FEBRE MANZO, Defendant and Appellant.

No. 4818. Argued June 26, 1929.—Decided November 26, 1929.

*F. Soto Gras* and *R. Díaz Collazo,* for appellant.   *H. Torres Solá* and *R. Ramírez Pabón,* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The present appeal has been taken from a judgment of the District Court of San Juan, P. R., in favor of Juan and Margarito Febre and against Félix Febre Manzo.

It was substantially alleged in the complaint that María Monserrate Febre was the owner of a parcel of land in the ward of Seboruco of Santurce, within the Municipal District of San Juan, Porto Rico, having an area of 22,952.45 square meters; that until her death, which occurred on July 24, 1915, María Monserrate Febre was the owner of said parcel, which she did not alienate in whole or in part; that at the time of her death she was single, and left no will or legally acknowledged natural ascendants or descendants, except a grandson, Félix Febre Manzo, who is an unacknowledged nat·ural child of an unacknowledged natural daughter of María Monserrate Febre, named Paulina, who died on April 7, 1889, unmarried and intestate. It is also alleged that on December 4, 1915, Félix Febre Manzo filed in the District Court of San Juan a petition for the designation of the heirs of María Monserrate Febre and stated under oath therein that María Monserrate Febre had·left at her death the piece of property already mentioned, and that the petitioner in his capacity as the natural son of Paulina Febre and natural grandson of

María Monserrate was the latter's sole heir, but that no final determination was made of the said petition; that on May 18, 1916, the defendant herein instituted in the same district court dominion title proceedings in regard to the aforesaid piece of property in which proceedings he alleged to have acquired the said property by purchase from María Monserrate Febre in 1914; that on March 9, 1917, he obtained a judgment from the court holding that the ownership of the property was vested in him, which judgment was recorded in the registry; that thereafter the defendant segregated from the property fifteen parcels, which he sold; that the property sought to be recovered formerly belonged to María Monserrate Febre, who never alienated the same, and it now belongs to the plaintiffs as successors to the hereditary rights of their legitimate father Juan Manzo Febre y Franco, full brother of María Monserrate Febre; that the plaintiffs are the persons really entitled to the estate left by the latter and that the defendant, who is her unacknowledged grandson, has no right to the inheritance.

It is further alleged that the facts averred by the petitioner in the aforesaid dominion title proceedings are false and that they were so pleaded by him, the defendant herein, with knowledge of their falsity as well as of the falsity of the documentary and oral evidence introduced, whereby he imposed upon the court for the purpose of defrauding the plaintiffs herein of their rights; that the said dominion title proceedings were instituted during the pendency of the heirship proceedings already mentioned, wherein the petitioner alleged under oath that the property here involved had been left at her death by María Monserrate Febre, who had been in possession thereof until her death; and that the defendant was in possession of the property claimed at the time of the filing of the complaint herein. They prayed for a judgment declaring them to be the sole and universal heirs of María Monserrate Febre, as representatives of their legitimate father Juan Manzo Febre, full brother of the predeces-

sor in interest; adjudging the nullity of the dominion title proceedings, as well as of the proceeding to establish heirship; and awarding compensatory damages, with costs.

In his answer the defendant pleaded: First, lack of facts sufficient to constitute a cause of action; second, that the defendant has constantly enjoyed the status of an acknowledged natural child of Paulina Febre who was the acknowledged natural daughter of María Monserrate Febre; and third, that he acquired the property by purchase from María Monserrate Febre in 1914 and he is the owner thereof.

After the case was tried the court rendered judgment— which has been incorporated in the record herein together with a statement of the case and a careful and well reasoned opinion—sustaining the complaint and adjudging: the nullity of the dominion title proceedings; the lack of right on the part of defendant to succeed María Monserrate Febre, the designation of the plaintiffs as sole heirs; the unlawful occupancy of the property by the defendant; the nullity of the latter's petition in the heirship proceeding; the ownership of the property in favor of the plaintiffs; the obligation to make compensation for the value of the parcels segregated, together with costs, expenses and attorney's fees against the defendant.

The present appeal has been taken from that judgment by the defendant, who has assigned two errors. One of them relates to the demurrer, and the other to the interpretation of the jurisprudence concerning the right to inherit by representation from the natural grandmother, claimed by the natural son (sic).

In regard to the first assignment we will say that the complaint contains the necessary allegations to constitute a cause of action, which in the present case are as follows: the status of the plaintiffs as heirs of María Monserrate Febre; the existence of the hereditary property which is described; the fraudulent appropriation of such property by the defendant; the use of false and fraudulent means and judicial proceed-

ings to obtain title to and possession of said property; the possession of the same and the sale thereof; the wilful disregard and violation of the rights of the plaintiffs; and the injury caused the latter by the acts of the defendant.

As to the second assignment it must first be stated that the appellant does not attack the evidence introduced and on which the judgment is based.

We find the following paragraph in the statement of the case and opinion of the trial court:

"The court, in view of the admissions made by the defendant in his answer and the evidence introduced, holds that each and all of the averments of the complaint, from paragraph 'one' to paragraph 'seventeen' thereof inclusive, have been fully and satisfactorily proved. It also holds that the averments made in the nineteenth paragraph of the complaint, which were expressly admitted by the defendant, have likewise been proved. And all the averments of the complaint which are thus held to have been proved, should be considered as reproduced in the within opinion and forming part thereof as if they had been literally transcribed herein."

Among the said averments are included those which recite the fact that the defendant was the unacknowledged natural son of Paulina Febre, who was the unacknowledged natural daughter of María Monserrate Febre; and those relating to the falsity of the allegations made in the dominion title proceedings, the fraud therein and the unlawful possession of the property.

The main case cited by the trial court is that of *Correa v. Correa,* 18 P.R.R. 115, wherein it was held—

(a) That the laws in force at the time of the death of the ancestor should govern the rights of the heirs;

(b) That under the provisions of the Spanish Civil Code, an acknowledged natural child had no right to inherit as representative of his putative father from his paternal grandfather.

The doctrine in regard to what law governs the rights of heirs was originally laid down in *Ex parte Smith et al.,* 14 P.R.R. 643.

In *Correa* v. *Correa, supra,* it was said:

"A study of these and other articles of the Code fixing the rights of natural children leads us to the conclusion that although the condition of such children continued improving, the fundamental idea that their right to succeed to the estate of their ascendants did not extend beyond the parent who had acknowledged them continued to influence the mind of the Spanish legislator."

It is well to remember that in that case plaintiffs claimed as sole and universal heirs of Vicente Correa, an acknowledged natural child of Carlos Correa, who was the legitimate son of the testators Felipe Correa and Micaela Fuentes, who died, respectively, in 1879 and 1890, the former during the régime of the old legislation, and the latter at a time when the Spanish Civil Code was in force. It was held by this court that plaintiffs were not entitled to sue to annul the will and the partition involved in the case.

In *Gijón* v. *Surillo et al.,* 31 P.R.R. 191, the plaintiff was an acknowledged natural son whose grandfather had died in 1905, at a time when the Civil Code of Porto Rico was already in force and whose section 913 grants to acknowledged natural children the same rights of inheritance as legitimate children have, both to inherit on their own right and by right of representation. It was held that the right to inherit must be determined in accordance with the laws in force at the time of the death of the ancestor.

The above precedents would suffice to justify the application to the case at bar of the law in force in 1915, when María Monserrate Febre died. But we desire to point out something else that is very important. Section 913 of the Civil Code of Porto Rico, already mentioned, recognized, or rather created, said rights of inheritance in favor of *"acknowledged illegitimate children"* (we understand this expression to mean *"acknowledged* natural children"). The defendant herein has not such status. And this should be particularly noted in the case at bar, because the Act of March 9, 1911, by its clear and accurately worded provisions, has estab-

lished said rights in favor of "legally acknowledged natural children."

In the case before us, the defendant is not a legally acknowledged natural son, nor was Paulina Febre a legally acknowledged natural daughter, of María Monserrate Febre. Therefore, there is lacking an essential element for the application of the statutory provision invoked.

Moreover, no impeachment has been made of the declaration of nullity of the dominion title proceedings instituted at the instance of Félix Febre Manzo regarding the property in litigation herein, or of the like pronouncement with reference to the petition for the proceeding in designation of the intestate heirs of María Monserrate Febre. We hold the judgment appealed from conclusive as to these particulars. The recitals of falsity and fraud contained therein are not impugned by appellant. It appears from the record of the dominion title proceedings that the petitioner therein stated in his first pleading that he bought the property from María Monserrate Febre in 1914, and that the latter had been in possession thereof for more than 40 years. Yet, that same petitioner, who alleged this fact on May 18, 1916, had averred under oath on December 4, 1915, that María Monserrate Febre had left at her death two parcels of land containing 5 and 0.84 acres, respectively, in the ward of Seboruco of Santurce, which land has the same area and location as the one later described in said dominion title proceedings. No citation was made in the latter of the person from whom the property was acquired, or of such person's heirs, whereas it is obvious that the petitioner knew that María Monserrate Febre had died and that he was bound to cite her legal representatives or successors in interest.

The applicable doctrine recognized in this jurisdiction has been stated by this court in *Ex parte Pacheco*, 5 P.R.R. 160; *Ex parte Ramírez*, 7 P.R.R. 470; *Ex parte Castro*, 7 P.R.R. 474; *Calderón et al. v. García*, 14 P.R.R. 407; *Sierra v. Registrar*, 14 P.R.R. 665; *Rivero et al. v. Hernández et al.*, 18

P.R.R. 1001; other cases cited by the trial court in its opinion; in *Cancel* v. *Registrar,* 28 P.R.R. 862; *Cruz* v. *Santiago,* 24 P.R.R. 303; and other cases cited by appellees. In dominion title proceedings the statutory requirements are mandatory and not merely directory.

The second assignment of error is without merit.

The judgment appealed from must be affirmed.